**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELMER L. WHITE and DEANNA WHITE, | |
| Plaintiffs, | CIVIL ACTION NO. 3:CV-12-1787 |
| v. | (JUDGE CAPUTO) |
| COMBINED INSURANCE COMPANY, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the Notice of Removal filed by Defendant Combined Insurance Company. (Doc. 1.) Because the Notice of Removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded to state court unless Defendant can show that diversity jurisdiction is proper.

### **I. Background**

Plaintiffs, Elmer L. White and Deanna White, originally filed this action in the Court of Common Pleas of Schuylkill County, Pennsylvania on or about June 28, 2012. (Doc. 1, Ex. A.) In their Complaint, Plaintiffs assert claims for breach of contract, bad faith, and violation of 73 Pa. Stat. Ann. §§ 201-1, *et seq*. (*Id*.)

On September 7, 2012, Defendant removed the action to this Court. (Doc. 1.) In the Notice of Removal, Defendant avers that "Plaintiffs allege that they are residents of the Commonwealth of Pennsylvania." (*Id*. at ¶ 6.) Defendant Combined Insurance Company is "a corporation, existing under the laws of and maintaining its principal place of business in the state of Illinois." (*Id*. at ¶ 9.)

### **II. Discussion**

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Defendant alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars

($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

To the extent that the Notice of Removal alleges that Plaintiffs are "residents" of Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted). The Court therefore finds that the

Notice of Removal has not properly demonstrated Plaintiffs' citizenship for the purposes of diversity jurisdiction.

### III. Conclusion

For the above stated reasons, the Notice of Removal fails to adequately establish the diversity of the parties. As Defendant has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, where "removal is based on allegations of diversity jurisdiction and diversity jurisdiction appears to exist in light of other documents in the record, courts in this district have allowed defendants to amend a notice of removal to correct technical deficiencies in the notice's allegations regarding citizenship of a party." *Zia Zhao v. Skinner Engine Co.*, No. 11-7514, 2012 WL 1758145 (E.D. Pa. May 16, 2012). As such, Defendant will be given twenty-one (21) days in which to file an amended notice of removal to properly allege the citizenship of Plaintiffs. Failure to do so will result in this action being remanded to the Court of Common Pleas of Schuylkill County, Pennsylvania.

An appropriate order follows.

September 13, 2012　　　　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge